IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW ROBERT YOUNG,

       Petitioner,

Case No. 6:13-cv-00525-HZ

v.

JEFF PREMO,

OPINION AND ORDER

       Respondent.

Thomas J. Hester, Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Nick M. Kallstrom, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court robbery and burglary convictions. Because petitioner failed to timely file this action, and as he is not entitled to equitable tolling, the Petition for Writ of Habeas Corpus (#2) is dismissed.

## BACKGROUND

In May 1999, petitioner pleaded guilty in the Multnomah County Circuit Court to two counts of Robbery in the First Degree and one count of Burglary in the First Degree. Respondent's Exhibit 101. Petitioner did not take a direct appeal,[1] nor did he file for post-conviction relief ("PCR"). Instead, in 2004 he filed a motion in the Multnomah County Circuit Court asking the trial court to correct his sentence in light of the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). Respondent's Exhibit 127. He also asked the court to appoint counsel to assist him with that motion. Respondent's Exhibit 126. However, he subsequently moved to voluntarily dismiss his sentencing challenge in March 2005. Respondent's Exhibits 128 & 129.

In April 2005, petitioner wrote his trial attorney asking for a copy of his sentencing transcripts. Respondent's Exhibit 131. The following month, petitioner filed a motion asking the trial

---

[1] It is not unusual for a defendant who pleads guilty in Oregon not to take a direct appeal because ORS 138.050 limits direct appeals arising out of guilty pleas only to claims that the sentence imposed was excessive or cruel and unusual.

2 - OPINION AND ORDER

court to compel his trial attorney to provide him with his sentencing transcripts. Respondent's Exhibit 130. In June, counsel informed petitioner that he did not have his sentencing transcripts, but offered assistance in obtaining them. Respondent's Exhibit 131, pp. 2-6.

In April 2006, petitioner filed another motion in the Multnomah County Circuit Court seeking to amend his sentence based upon the Supreme Court's *Blakely* decision. Respondent's Exhibit 132. The trial court denied the motion. Respondent's Exhibit 133.

In May 2006, petitioner wrote a letter to the Oregon Court of Appeals prompting that court to inform him that no appeal had been filed on his behalf. Petitioner's Exhibit C.

Almost two years later, petitioner filed for state habeas corpus relief. He alleged, in part, that his attorney had led him to believe that he would file a direct appeal. Respondent's Exhibit 134, p. 3. The trial court denied relief, and petitioner voluntarily dismissed his subsequent appeal because he was "informed that it may in fact be possible for appellant to file a petition for post-conviction relief even though appellant is past the 2 year time limit. . . ." Respondent's Exhibit 137.

In March 2009, petitioner filed a PCR action. Respondent's Exhibit 102. The PCR trial court found the PCR Petition to be untimely and granted the State's summary judgment motion. Respondent's Exhibit 117. The Oregon Court of Appeals affirmed the lower court's decision without opinion, and the Oregon Supreme

3 - OPINION AND ORDER

Court denied review. *Young v. Nooth*, 250 Or. App. 396, 282 P.3d 30, *rev. denied*, 353 Or. 104, 295 P.3d 51 (2012).

On March 27, 2013, petitioner filed his federal Petition for Writ of Habeas Corpus. The parties agree that petitioner breached the applicable one-year statute of limitations by approximately 13 years, but petitioner argues he is entitled to equitable tolling because: (1) his trial attorney failed to file a direct appeal after he allegedly told petitioner he would do so; and (2) petitioner has a long history of mental illness that made it impossible for him to comply with the one-year statute of limitations.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. 28 U.S.C. 2244(d)(1). Equitable tolling is available to toll the one-year statute of limitations in limited circumstances. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). A litigant seeking to invoke equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. *Tillema v. Long*, 253 F.3d 494, 504

4 - OPINION AND ORDER

(9th Cir. 2001). Petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

I.  **Failure to File Direct Appeal**

Petitioner first contends that the limitations period should be equitably tolled because he believed his lawyer had initiated an appeal on his behalf. Neglect by an attorney does not necessarily justify equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 651-52 (2010) (excusable neglect is not an extraordinary circumstance). Assuming the misconduct petitioner alleges might arise to the level of an extraordinary circumstance, the record belies his assertion that he expected counsel to file an appeal on his behalf.

None of petitioner's correspondence with counsel shows that he believed he had an appeal pending.[2] *See* Respondent's Exhibit 131. In fact, when petitioner wrote to his trial attorney asking for a copy of his sentencing transcript, counsel not only informed him that he did not have that portion of the file, but made it clear that he was unaware of petitioner's appellate status, if any: "If you filed an appeal, your lawyer for the appeal may have it."

---

[2] Petitioner asserts that the State conceded during his state habeas action that he instructed his attorney to file a notice of an appeal, but he takes this statement out of context. The State was not conceding this point, but was rather summarizing the facts as alleged by petitioner. Petitioner's Exhibit D, p. 2.

5 - OPINION AND ORDER

*Id* at 2. In response to that correspondence, petitioner wrote two more letters to counsel wherein he never suggested in any way that he had expected counsel to file an appeal on his behalf. *Id* at 4-5. Instead, he continued only to seek a copy of his sentencing transcript. It is apparent from this record that petitioner did not believe his trial attorney was representing him in a pending appeal.

Moreover, when petitioner sought to alter his sentence based upon *Blakely*, he asked the court to appoint an attorney to assist him. He cannot credibly assert in this proceeding that he believed trial counsel continued to actively represent him in a direct appeal when he obviously felt he was unrepresented during the time period in question. Where petitioner did not believe he was being represented by counsel, it logically follows that he did not believe he had a pending appeal filed by that same attorney.

But even assuming petitioner had been misled by counsel regarding the status of his appeal, he did not act diligently in pursuing his rights. Not only did petitioner fail to contact his attorney for more than five years after his sentencing, but even after the Oregon Court of Appeals informed him that it had no record of his appeal, petitioner waited almost two years before he took any action to challenge his convictions. This does not constitute sufficient diligence to justify equitable tolling.

///

///

6 - OPINION AND ORDER

## II. Mental Illness

Petitioner also maintains that he has a longstanding diagnosis of schizophrenia which required him to take heavy doses of various medications. He claims that his mental illness, combined with the heavy doses of medication the illness required, made it impossible for him to file this case in a timely manner. In order for equitable tolling to apply, petitioner must show that his mental impairment was an extraordinary circumstance beyond his control which rendered him unable to file a habeas corpus petition, and that he was diligent in pursuing his claims. *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010).

As documented in the Background of this Opinion, petitioner was able to file numerous documents in the state courts wherein he attempted to alter his sentence, seek state habeas review, and apply for PCR.[3] Where petitioner was able to repeatedly apply to the courts for relief as well as communicate with his trial attorney while under the influence of his schizophrenia and the medications it required, it is not credible for him to assert that he was completely unable to file a federal habeas corpus petition. Moreover, as discussed above, the procedural history of this case reveals that petitioner did not diligently pursue his rights despite his demonstrated ability to articulate his claims. For

---

[3] Despite the assistance of appointed counsel, petitioner has been active in this federal habeas action as well, filing his own *pro se* supplemental supporting memorandum as an attachment to counsel's brief.

7 - OPINION AND ORDER

these reasons, equitable tolling is not appropriate, and the Petition is dismissed on the basis that it is untimely.

### III. Evidentiary Hearing

Petitioner asks the court to conduct an evidentiary hearing if it feels that additional facts are necessary to make a determination on the issue of equitable tolling. Because the record is clear regarding petitioner's ability to formulate arguments as well as his lack of diligence, an evidentiary hearing is neither necessary nor in the interests of judicial economy. *See Schriro v. Landrigan*, 127 S.Ct. 1933, 1940 (2007) (where the record in the case precludes habeas relief, a district court is not required to hold an evidentiary hearing).

### CONCLUSION

Petitioner's request for an evidentiary hearing is denied, and the Petition for Writ of Habeas Corpus (#2) is dismissed because it is untimely. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this **23** day of June, 2014.

*Marco Hernandez*
Marco A. Hernandez
United States District Judge

8 - OPINION AND ORDER